UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

**14 CV 1237**

---

REMEDIOS AGUAYO ESPINOSA and
MARIA JULIA RAMIREZ RODRIGUEZ,
individually and on behalf of all other persons
similarly situated,

Plaintiffs,

–against–

FISHKILL SAI HOSPTIALITY, LLC, d/b/a
DAYS INN FISHKILL; FISHKILL
HOSPITALITY GROUP, LLC, d/b/a
RAMADA INN; VIKAS MEHTA; and
MEGHNA MEHTA; jointly and severally,

Defendants.

---

FILED
U.S. DISTRICT COURT
S.D. OF N.Y.
2014 FEB 25 PM 3:46

## COMPLAINT AND JURY DEMAND

1.     The plaintiffs allege on behalf of the plaintiffs and other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(b), that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid overtime compensation, and such other relief available by law.

2.     The plaintiffs further allege, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendant violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiffs for unpaid or underpaid (1) overtime compensation, (2) uniform maintenance pay, and such other relief available by law.

## JURISDICTION AND VENUE

3.     Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

4.     Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

6.     The plaintiff Remedios Aguayo Espinosa is and was at all relevant times an adult residing in Dutchess County, New York.

7.     The plaintiff Maria Julia Ramirez Rodriguez is and was at all relevant times an adult residing in Dutchess County, New York.

8.     The defendant Fishkill Sai Hospitality, LLC, is and was at all relevant times a New York limited liability company with its office in Dutchess County.

9.     The defendant Fishkill Hospitality Group, LLC, is and was at all relevant times a New York limited liability company with its office in Dutchess County.

10.    Upon information and belief, the defendant Vikas Mehta is an adult whose county of residence is unknown to the plaintiffs.

11.    Upon information and belief, the defendant Meghna Mehta is an adult whose county of residence is unknown to the plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12.    Pursuant to 29 U.S.C. § 216(b), the plaintiffs commence this action as to the plaintiffs' claims arising under the Fair Labor Standards Act as a collective action on behalf of all similarly situated current and former employees of the defendants at any time since three years

before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

13.     The plaintiffs and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiffs stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

14.     At all relevant times, the defendants' business is a hotel doing business as Days Inn Fishkill or Ramada Inn and located at 20 Schuyler Boulevard, Fishkill, New York.

15.     Upon information and belief, at all relevant times, Vikas Mehta was an owner, shareholder, officer, or manager of the defendants' businesses, Fishkill Sai Hospitality, LLC, and Fishkill Hospitality Group, LLC.

16.     Upon information and belief, at all relevant times, Vikas Mehta was an individual who actively participated in the businesses of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

17.     Upon information and belief, at all relevant times, Vikas Mehta had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

18.     Upon information and belief, at all relevant times, Meghna Mehta was an owner, shareholder, officer, or manager of the defendants' businesses, Fishkill Sai Hospitality, LLC, and Fishkill Hospitality Group, LLC.

19.     Upon information and belief, at all relevant times, Meghna Mehta was an individual who actively participated in the businesses of the defendants, exercised substantial control over

3

the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

20.     Upon information and belief, at all relevant times, Meghna Mehta had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

21.     The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

22.     The defendants employed the plaintiff Remedios Aguayo Espinosa approximately from May 2005 until November 29, 2012.

23.     The defendants employed the plaintiff Maria Julia Ramirez Rodriguez approximately from 2002 until November 28, 2012.

24.     The defendants employed the plaintiffs as housekeepers.

25.     The plaintiffs worked for the defendants approximately forty-seven hours per week.

26.     The defendants paid Remedios Aguayo Espinosa $8.00 per hour approximately from 2008 until 2010, and $9.50 per hour thereafter.

27.     The defendants paid Maria Julia Ramirez Rodriguez $9.25 per hour approximately from 2008 until 2011, and $10.25 per hour thereafter.

28.     The plaintiffs and party plaintiffs worked in excess of forty hours many workweeks, yet the defendants willfully failed to pay the plaintiffs and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

29.     The defendants did not launder or maintain the plaintiffs' required uniforms and the plaintiffs laundered and maintained the plaintiffs' required uniforms at the plaintiffs' expense, and the defendants willfully failed to pay an allowance to the plaintiffs for uniform maintenance.

30.     Upon information and belief, while the defendants employed the plaintiffs and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

FIRST CLAIM FOR RELIEF:
FAIR LABOR STANDARDS ACT

31.     The plaintiffs, on behalf of the plaintiffs and party plaintiffs, reallege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

32.     At all relevant times, the defendants, employers, employed the plaintiffs and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

33.     The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

34.     The defendants employ employees at the defendants' place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

35.     Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

36.     Therefore, upon information and belief, at all relevant times, the plaintiffs and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

37.     The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2) by failing to pay the plaintiffs and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

38.     By 29 U.S.C. § 216(b), the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid overtime compensation.

39.     The plaintiffs and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

SECOND CLAIM FOR RELIEF:
MINIMUM WAGE ACT

41.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 40 as if they were set forth again herein.

42.     At all relevant times, the defendants, employers, employed the plaintiffs, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7) and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.2.

43.     The defendants willfully violated (and are violating) the plaintiffs' rights by failing to pay or underpaying the plaintiffs overtime compensation at a rate not less than one and one-half times the plaintiffs' regular rate of pay for the hours the plaintiffs worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

44.     From January 1, 2007, to July 23, 2009, the applicable uniform maintenance pay for workweeks over thirty hours was $8.90 per week, and from July 24, 2009, to December 30,

2013, $9.00, and from December 31, 2013, to the present, $9.95, pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7.

45.     The defendants willfully violated (and are violating) the plaintiffs' rights by failing to pay or underpaying the plaintiffs uniform maintenance pay, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7.

46.     The defendants' failure to pay the plaintiffs the foregoing timely is a violation of section 191 of the New York Labor Law.

47.     By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiffs for unpaid or underpaid (1) overtime compensation and (2) uniform maintenance pay.

48.     The plaintiffs are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

THIRD CLAIM FOR RELIEF:
DECLARATORY RELIEF

49.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as if they were set forth again herein.

50.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiffs may obtain declaratory relief.

51.     The defendants violated the Fair Labor Standards Act, Minimum Wage Act, and section 191 of the New York Labor Law.

52.     It is in the public interest to have these declarations of rights recorded.

53.     A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

54.     A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

PRAYER FOR RELIEF

55.     Wherefore, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, pray this Court grant as relief:

a.     designation of this action as a collective action on behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the party plaintiffs;

b.     a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, and section 191 of the New York Labor Law;

c.     an award of unpaid or underpaid overtime compensation due under the Fair Labor Standards Act;

d.     an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

e.     an award of unpaid or underpaid (1) overtime compensation and (2) uniform maintenance pay due under the Minimum Wage Act and section 191 of the New York Labor Law;

f.     an award of liquidated damages as pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

g.     if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

h.     an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

i.     an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

j.     an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

k.     such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, demand a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com

_____
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFFS**

Dated: New York, New York
        February 24, 2014